937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Paul R. ROLFES, Plaintiff-Appellant,
v.
The CITY OF OKLAHOMA CITY, Defendant-Appellee.
 No. 90-6118.
 United States Court of Appeals, Tenth Circuit.
 July 17, 1991.
 
 Before LOGAN, BRIGHT,* and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiff Paul R. Rolfes appeals an order by the district court dismissing his 42 U.S.C. Sec. 1983 claim against the City of Oklahoma City. Rolfes' complaint, which he brought on behalf of himself and all others similarly situated, alleged that the City deprived him of liberty and property when it charged him with illegal trash dumping under an unconstitutional municipal ordinance. The district court, noting that Rolfes was not arrested or taken into custody and that the charges were dismissed without prejudice, expressed doubt as to the constitutionality of the ordinance as worded, but found that Rolfes had not been sufficiently deprived of liberty or property to sustain a claim.
 
 
 2
 We agree with the district court that Rolfes has failed to state an actionable claim. The law is clear that one who is accused under a constitutionally valid statute or ordinance, but who is later acquitted or has the charges dropped, is not entitled to assert a Sec. 1983 claim based simply on the fact that he has been charged. See Baker v. McCollan, 443 U.S. 137, 145 (1979). ("The Constitution does not guarantee that only the guilty will be arrested. If it did, Sec. 1983 would provide a cause of action for every defendant acquitted--indeed, for every suspect released."). The result is no different if the ordinance is unconstitutional because it improperly shifts the burden of proof. See Richardson v. City of South Euclid, 904 F.2d 1050, 1053 (6th Cir.1990), cert. denied, 111 S.Ct. 691 (1991) (ordinance unconstitutionally vague). There is no allegation here that Rolfes was singled out for discriminatory prosecution or that the ordinance was enacted specifically to charge him. He apparently was charged, as any one else would have been, because three items containing his address were found in trash in a field some distance from his home.
 
 
 3
 The district court correctly noted that there are some mistakes legislators make and some impositions upon citizens that require expenditures of their time and money to resolve which are not compensable under Sec. 1983. This is one of those situations.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The Honorable Myron H. Bright, United States Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3